THE PEOPLE EX REL. EPHRAIM B. EVANS v. CLARK H. SUTHERLAND.

*Elections—Deputy sheriff may conduct drawing of lots—Demurrer —Pleading over—Costs.*

In case of a tie vote for county clerk lots may be drawn for the office *before the sheriff* (Comp. L., § 137); *held* that in case of his inability, the deputy-sheriff may perform this duty.

An election was determined by lot, the vote being tied. *Quo warranto* proceedings were instituted for the office. The plea set up an equality of votes, and being demurred to, this fact was admitted. *Held* that on overruling the demurrer, the relator could not be allowed to plead the invalidity of votes cast for respondent.

Where opposing counsel had appeared for argument and the moving party asked for a continuance, a counsel fee as for a hearing at that term was included in the costs imposed on final judgment against him.

QUO WARRANTO. Submitted June 4. Decided June 17.

*John A. Edget* and *W. W. Green* for the relator. Drawing lots in case of a tie vote is a special and statutory duty belonging to the sheriff and cannot be done by an ordinary deputy, and if delegated it can only be to a person specially deputed to perform it as required by Comp. L. § 552; *People v. Moore*, 2 Doug. (Mich.), 1.

*Wheaton & Perry* and *Wisner & Draper* for the respondent. Whatever is done by a deputy is done by the sheriff, *Wilcox v. Ismon,* 34 Mich., 268; Watson on Sheriffs, §§ 31-2; the appointment of general deputies gives them the power to execute all the sheriff's ministerial duties except attending the execution of a criminal, or drawing a jury, Crocker on Sheriffs, § 17; Rev. Stat. 1846, ch. 168, § 12; ch. 103, § 18; *Tillotson v. Cheetham,* 2 Johns., 62; if a writ is directed to the sheriff by the name of his office, and does not expressly command him to execute it in person, the under sheriff may execute it, *Levett v. Farrar,* Cro. Eliz., 294; the deputy may perform all the duties of his principal and cannot be restricted in his powers, Gwynne on Sheriffs, 42; *McGuffie v. State,* 17 Ga., 497; *Ellison v. Stevenson,* 6 Monr. (Ky.), 271; *Jackson v. Collins,* 3 Cow., 89; *Haines v. Lindsey,* 4 Ohio, 88.

GRAVES, J. This is an information to try the right to the place of clerk and register of deeds of Clare county, the offices there being united. The plea by respondent sets up that at the last general election the relator and himself were opposing candidates; that they received an equal number of votes; that the board of canvassers took the proper steps for a determination by lot before the sheriff; that relator and respondent attended at the time and place; that the sheriff was unable by reason of sickness to be present in person and his under-sheriff was absent from the county, and his general deputy appeared by his direction to conduct the proceeding in his stead; that thereupon the drawing took place before said deputy in the mode prescribed, and the respondent won and received the proper certificate. The whole details as set forth in the plea need not be stated. The relator demurred and alleged for cause that no one except the sheriff in person was authorized to conduct the proceeding, and that the intervention of the deputy was unwarranted and the drawing

void. The question is important; but we are compelled to decide it without any aid from adjudged cases and without recourse to technical considerations.

The relator claims that the act required of the sheriff is not one naturally appropriate to the proper sphere of duties pertaining to the office of sheriff, and not within the category of duties subject to be performed through a deputy; that for this service the law presumes in favor of the character and personal fitness of the sheriff, and does not contemplate any delegation of the function. These views are not without weight, but they do not appear sufficient to decide the question. We do not place any stress upon the circumstance that both parties attended and went through the drawing before the deputy without any objection. Whatever influence, if any, that might have in another case, we do not regard it here. There is no complaint of anything unfair in the drawing.

In case of fraudulent conduct the proceeding would be invalidated by whomsoever conducted.

There is nothing in the nature of the required service to disable the sheriff from acting through his general deputy. The acts to be done are minutely specified, and nothing is left to discretion. If the law regards his position as a guaranty of his fitness in point of integrity to officiate in person, it may equally so regard it in respect to his act of making choice of a suitable deputy. The deputy must act under the same official oath as the sheriff, and so far as this security for official rectitude is concerned, there is no distinction.

The duties imposed here on sheriffs are somewhat multifarious, and it would be difficult to classify them in such way as to set apart some from others as not pertaining to the office. It was different undoubtedly at common law.

Our sheriffs are required to do many things which were formerly and are still unknown in England, and there were many functions and jurisdictions at common

law which have no existence here, and not a few which are at present not recognized there. It is worthy of notice that our statutes generally refer to the sheriff without mentioning deputies, wherever the design is that the duty may be performed through deputies, unless the nature of the act is supposed to require a specific statement either that the duty is confined to the sheriff, or may be done by deputy.

We have an illustration in the regulation for drawing jurors. Comp. L., § 5987. There the sheriff is required to attend the drawing at the clerk's office "in person, or by his under-sheriff." As the statute intended to require the personal intervention of the sheriff, or that of a specific substitute, and to exclude ordinary general deputies, the provision was guarded and not expressed in the usual way.

The circumstance, therefore, that the statute requiring the sheriff to conduct a drawing in case of a tie vote does not provide in terms that the duty may be performed through a general deputy, does not authorize an inference that it cannot be performed in that way. On the contrary, whatever ground there is for inference favors an opposite one.

The importance of the exigency, and the very strong necessity which exists for a direct and ready solution of the difficulty arising on a tie vote, are considerations not to be overlooked. The dilemma is not an occasion of mere private grievance; the public interests are at stake, and the course of local administration is in danger of being arrested, or at least embarrassed, and a speedy removal of the impediment is required. This must have been perceived by the Legislature when they provided that the sheriff should conduct the proceeding to dissolve the tie, and they must have seen also that if the function was confined to him the purpose of the regulation might often be defeated by reason of his sickness, absence, or other disability.

In view of these and other considerations, it seems incredible that the Legislature intended to leave these

cases of tie-vote unsettled whenever the sheriff should be unable to attend in person, and to allow the regulation actually made to fail on that ground.

It appears to the court that the purpose was to afford a practical remedy, and one to which the board of canvassers could have a reasonably certain recourse, and that the existence of the remedy was not designed to depend on the ability of the sheriff to act in person; that in naming him alone as the one to conduct the drawing, the course pursued was the one usually taken when the sheriff is allowed to act by general deputy, and that the duty required involves nothing rendering such vicarious performance inappropriate, and that the right of the sheriff to act by deputy in such cases, when unable to be personally present, was contemplated by the Legislature.

We are therefore of opinion that the plea is good.

On the argument relator's counsel inquired whether, in case the demurrer should not be sustained, the court would not allow him to plead and set up the invalidity of some of the votes cast for respondent. We think the judgment should be final. The fate of the case has been rested on the sufficiency of the plea. That sets up an equality of votes, and the demurrer admits it, and it must be intended on this record that these votes were lawful, and it would be irregular to overrule the demurrer and then allow relator to raise a new issue, and one too not consistent with the proper reading of the record.

The respondent is entitled to final judgment with costs, and as his counsel regularly appeared at the last term to argue the cause, and a continuance was allowed to relator under a reservation by the court that the question of costs as for a hearing should be considered on the giving of judgment, we are of opinion he ought to recover for that term the fee allowed for a hearing.

The other Justices concurred.