Johnston *et al. v.* The State, *ex rel.* Sefton.

No. 16,001.

JOHNSTON ET AL. *v.* THE STATE, EX REL. SEFTON.

CONSTITUTIONAL LAW.—*Tie Vote.*—*Constitutionality of Section 4736, R. S. 1881.*—Section 4736, R. S. 1881, which provides that where an election results in a tie vote for opposing candidates, the judges of election shall determine by lot the person entitled to the office, is not in conflict with the constitutional provision that all elections shall be by ballot (Const., Art. 2, section 13), and is valid.

SAME.—*Mandamus.*—Where the judges of election, after certifying the result as a tie vote, adjourn without determining by lot the person entitled to the office, they may be compelled by mandate to re-assemble and take the action required by law.

SAME.—*Relator.*—*Estoppel.*—The relator is not estopped to successfully urge his claim to the office by requesting the election officers not to determine the result of the election.

From the Decatur Circuit Court.

*S. A. Bonner, M. D. Tackett, B. F. Bennett, D. A. Myers,* and *W. Woodfill,* for appellants.

*J. K. Ewing, C. Ewing, J. D. Miller* and *F. E. Gavin,* for appellee.

ELLIOTT, J.—The relator, Oliver C. Sefton, William A. Williams, and James Parker, were candidates for the office of township trustee. Alexander C. Johnston was the inspector, and Samuel T. Meek and John Foley were the judges of the election. At the close of the election the votes cast were counted and canvassed by the election board, and it was found that the relator had received eighty-nine votes, Williams eighty-nine votes, and Parker two votes. The election officers certified that the relator and Williams had received the highest number of votes cast at the election; they refused, however, to determine by lot which of the two candidates was entitled to the office, and, although requested in writing, refused to re-assemble and determine which of the two candidates, who received the highest number of votes, should be declared entitled to the office of township

trustee. Our statute provides that "If two or more have the highest and an equal number of votes for the same office, such judges shall, when the result is certified, determine by lot the person entitled to the office; and the next day, the inspectors shall make out and deliver to the person elected, when demanded, a certificate for each person elected to any office in said township, except justices of the peace." Section 4736, R. S. 1881.

Assuming that the statutory provision quoted is valid, the remedy adopted by the relator (mandamus) is appropriate. The duties of election officers, when prescribed by statute, as in this instance, are imperative, and performance may be coerced by the writ of mandamus. Nor can the election officers evade their duties by adjourning without taking the action required by law. In discussing this question the Supreme Court of Michigan said, in the case of *Attorney General* v. *Board, etc.*, 64 Mich. 607, in speaking of the members of the election board, that "Until they have done so, they have no right to dissolve their meeting. They can only get out of their office by completing its work. It would be worse than absurd to allow a board of canvassers to defeat the popular will, and destroy an election, by refusing or neglecting to do what the law requires them to do." The cases are harmonious upon the proposition we have asserted. *Brower* v. *O'Brien*, 2 Ind. 423; *Kisler* v. *Cameron*, 39 Ind. 488; *Moore* v. *Kessler*, 59 Ind. 152; *State, ex rel.*, v. *Gibbs*, 13 Fla. 55 (7 Am. R. 233); *Hagerty* v. *Arnold*, 13 Kansas, 367; *Lewis* v. *Commissioners, etc.*, 16 Kansas, 102 (22 Am. R. 275); *People, ex rel.*, v. *Schiellein*, 95 N. Y. 124; *State, ex rel.*, v. *Stearns*, 11 Neb. 104; *State, ex rel.*, v. *Peacock*, 15 Neb. 442; *People, ex rel.*, v. *Nordheim*, 99 Ill. 553.

The question upon which the case hinges is whether the statutory provision quoted is valid. The appellants' counsel ingeniously and plausibly argue that the provision is invalid for the reason that it is in conflict with the constitu-

tional provision that all elections shall be by ballot. Const., article 2, section 13.

We can not concur with counsel, that where an election is held and results in a tie vote for opposing candidates, the General Assembly may not provide for determining the right to the office otherwise than by making provision for another election.

Constitutions are framed by existing and organized society, and are to be construed with reference to well-known practices and usages. *State, ex rel.,* v. *Noble,* 118 Ind. 350 (361); *Durham* v. *State, ex rel.,* 117 Ind. 477 ; Cooley's Const. Lim. (5th ed.) 73. We know that the practice of determining a tie vote by lot prevailed before our Constitution was adopted, and it is our duty to presume that the framers of that instrument were not ignorant or unmindful of this ancient usage. It is, therefore, no more than reasonable to hold that a statute providing for an election by ballot is valid, although it also provides for determining a tie vote by lot, for the framers of the Constitution may well be deemed to have had this usage in view, and to have intended that it should be resorted to in cases where an election should result in a tie between opposing candidates. Such a statute as the one before us does give the electors an opportunity to vote by ballot, and affixes to each vote all the force it is possible to assign it. In no respect is the elector's right abridged or limited ; all that is done is to provide that in cases where the electors fail to make a choice, the choice may be determined by lot between the candidates who have received the highest number of votes. This course gives to all the votes cast full weight and force, and prevents the nullification of the election where a tie vote results. Unless there is power in the General Assembly to provide for the determination of a tie vote, an incumbent of an office might hold far beyond his term, since it is conceivable that many elections might result in a tie.

The authorities give full support to our assertion that the

Legislature may provide that a tie vote shall be determined by lot. *Webster* v. *Gilmore*, 91 Ill. 324; *Keeler* v. *Robertson*, 27 Mich. 116; *People, ex rel.,* v. *Sutherland*, 41 Mich. 177; *State* v. *McKinnon*, 8 Oregon, 485; *State, ex rel.,* v. *Wilkinson*, 23 Neb. 710; *Hammock* v. *Barnes*, 4 Bush, 390.

We have found no judicial decision conflicting with the cases to which we have referred, nor have we been referred to any by appellants' counsel. The report of the Congressional committee, to which we are referred, can not be regarded as authority.

While we are satisfied that no statute can be upheld which assumes to destroy the right of the inhabitants of a township to elect their own trustee, yet we are also satisfied that where a full opportunity is given them to make a choice, and they equally divide their votes, it is within the power of the General Assembly to make provision for determining the result of the election. Our Constitution provides that " Such other county and township officers as may be necessary shall be elected or appointed in such manner as may be prescribed by law." Article 6, section 3. It seems clear to us that, taking this provision in connection with the general one respecting elections, and combining them, in accordance with the principles to which we have referred, the General Assembly did not transcend its power in enacting the statute under consideration.

Counsel's argument, that the policy of determining the right to an office by lot is an evil one, might have weight with a legislative assembly, but it can have none with the courts. Questions of policy and expediency are legislative, and not judicial. *Beauchamp* v. *State*, 6 Blackf. 299; *Hedderich* v. *State*, 101 Ind. 564, and authorities cited.

The appellants' position, that the relator can not successfully urge his claim to the office for the reason that he created an estoppel against himself by requesting the election officers not to determine the result of the election, can not be defended. The duties of the election officers were pre-

scribed by a public law, and all the interested parties had equal knowledge, so that no estoppel could possibly arise. But more than this : the public had an interest in having the election officers perform the duty enjoined upon them by law, and it was not for the relator to relieve them from that duty ; and this they were bound to know. *School District,* v. *Root,* 61 Mich. 373.

Judgment affirmed.

MILLER, J., did not take part in the decision of this case. Filed April 8, 1891.