Filed Dec. 9, 1891.

———————◆———————

No. 16,248.

### KIMERER ET AL. *v.* THE STATE, EX REL BLACK.

ELECTIONS.—*Tie Vote.—Determination of by Lot.—Cases Followed.*—Election boards may be compelled, by mandate, to reassemble and determine by lot which of the rival candidates for a township office, who have received an equal number of votes, shall be entitled to the office. Following *Johnston* v. *State, ex rel.*, 128 Ind. 16, and *Wills* v. *State, ex rel.*, 128 Ind. 359.

SAME.—*Illegal Votes.*—The election officers, having counted the votes given for each of the candidates, and certified that the vote was a tie vote, can not be heard, in a proceeding brought to compel them to complete their official duties, to contradict such return, by alleging that illegal votes were received, and that, in fact, there was not a tie.

SAME.—If illegal votes were, in fact, received and counted for either, or both, the candidates, that must be determined by a contest of election, or other appropriate method, after one or the other of the rival candidates shall have received his certificate of election.

SAME.—*Election Board.—Mandate to.—Time of Meeting.*—It is proper for

the court, in its mandate, to fix a particular time when the board shall reassemble and proceed to cast lots.

SAME.—*Removal of Member.—Appointment of Successor.*—Where, pending the mandate proceedings, one of the judges of election moves from the State, it is proper for the court to direct the inspector of elections to select one elector of the township of the same political faith of the judge moving away to act in his place, and that they should then proceed to cast lots to determine who should be entitled to the office.

From the Lake Circuit Court.

*J. E. Cass* and *A. L. Jones,* for appellants.

*N. L. Agnew, S. C. Spencer* and *D. E. Kelley,* for appellee.

MILLER, J.—William T. Brown and Lewis Green were candidates for election to the office of township trustee at an election held in April, 1890, in Washington township of Porter county, and each received an equal number of votes.

This action was instituted to compel the election board to meet and determine by lot the person entitled to the office.

We adhere to the doctrine enunciated in *Johnston* v. *State, ex rel.,* 128 Ind. 16, and *Wills* v. *State, ex rel.,* 128 Ind. 359, that section 4736, R. S. 1881, is constitutional, and that such election boards may be compelled, by mandate, to reassemble and determine by lot, which of the rival candidates for a township office, who have received an equal number of votes, shall be entitled to the office.

The appellants, who were the officers of the election board, in their return alleged that the candidates did not receive an equal number of votes at such election, but that one Frank Bundy, who was not a legal voter of the township, voted for one of the candidates, and that the officers of election, being ignorant of the fact that he was not an elector, received and counted his vote, and that, not counting this vote, one of the candidates had a majority.

We are of the opinion that the court did not err in holding this return bad.

The election officers, having counted the votes given for each of the candidates, and certified that the vote was a tie

Kimerer *et al. v.* The State, *ex rel.* Black.

vote, can not be heard, in a proceeding brought to compel them to complete their official duties, to contradict such return.

If illegal votes were, in fact, received and counted for either or both the candidates, that must be determined by a contest of election, or other appropriate method, after one or the other of the rival candidates shall have received his certificate of election, when it can be determined, in an action in which proper parties are before the court, which of the candidates received the highest number of legal votes.

The court, in its mandate, fixed a particular time when the board should reassemble and proceed to cast lots. Objection is made to the fixing of a time for the performance of this duty. No objection is made to the time so fixed upon the ground that it was unreasonable, but the objection was to the fixing of any time.

We are satisfied that the action of the court was not only not erroneous, but was eminently proper. Motives of public policy require that the title and right to public offices should be settled speedily, and without such action of the court great delays in assembling an election board would often ensue. Some one must, of necessity, determine when they should reassemble, and it seems eminently proper that the court, in its mandate, should fix the time.

It appears that after the court made the mandate an appeal was taken to this court, and subsequently dismissed, during the pendency of which one of the judges of election moved from the State. After the appeal was dismissed, the relator filed a petition in the court in which the proceedings were had, asking that the appellants be required to meet at the usual place of holding elections in the township, and that the inspector should select one elector of the township, of the same political faith as the judge who had removed from the State, to act in his place, and that they should then proceed to cast lots to determine who should be entitled to the office.

The appellants appeared to this petition, and made objection to its sufficiency, but the court made the order as prayed for, and this is assigned as error.

It is a familiar rule that a court of " equity never wants a trustee," where a trustee is necessary .to effectuate its mandates. It can hardly be supposed that the mere death or removal of an officer of an election board can have the effect of blocking the wheels of justice, and render the courts of the land powerless to compel a township election board to meet and perform a duty commanded by statute and by the mandate of a court; but this is what the position assumed by the appellants would lead to.

In *State, ex rel.,* v. *Bailey,* 7 Iowa, 390 (399), a writ of mandate, addressed to a county judge, was, after the official .death of a justice, who was a member of a canvassing board, .so amended as to require him to take to his assistance two justices and canvass the returns. See, also, *State, ex rel.,* v. *County Judge, etc.,* 7 Iowa, 186.

That proceedings by mandate do not abate by the death, resignation or removal of some of the officers of corporations or *quasi*-corporations has often been determined. We .cite the following cases: *Thompson* v. *United States,* 103 U. S. 480 ; *Snyder* v. *United States,* 112 U. S. 216 ; *In re Parker,* 131 U. S. 221 ; *People, ex rel.,* v. *Supervisor,* 100 Ill. 332.

A number of these cases proceed upon the theory that the action is against the corporation or board in its official capacity, although the officers are mentioned by name, and that changes in the *personnel* of the representatives of such board or corporation do not interfere with the proceedings.

It seems eminently proper in this case that the court should have directed the inspector of elections, whose duty it was to fill vacancies in the election board, and who was a party to the suit, to make the selection of a judge to fill the vacancy in the election board, and to direct him, as far as it could be done, to make the selection in the manner provided by the law in force at the time the election was held.

We do not decide, however, that this is the only manner in which the board could be filled.

The death of Kimerer having been suggested, this judgment is rendered as of the date of the submission.

Judgment affirmed.

Filed Nov. 23, 1891.