## THE STATE OF INDIANA, EX REL. MAY, *v.* HALL.

[No. 21,412. Filed November 18, 1909.]

1. PLEADING.—*Answers.*—*Overruling Demurrers to.*—*When Harmless.*—The overruling of a demurrer to the second paragraph of an answer, though erroneous, is not prejudicial, where the first and third paragraphs were sufficient and admitted to be true. p. 147.

2. OFFICERS.—*Road Supervisors.*—*Failure to Elect.*—*Appointment.* —Under §7762 Burns 1908, Acts 1905, p. 521, §93, the township trustee has the right to appoint a road supervisor, where there has been a failure to elect, even though no vacancy existed. p. 147.

3. STATUTES.—*Repeal.*—*Highways.*— *Road Supervisors.*— Section ninety-three of the highway act of 1905 (Acts 1905, p. 521, §7762 Burns 1908), providing, among other things, that the township trustee may appoint road supervisors, where there has been a failure to elect, was not repealed by implication by the act of 1907 (Acts 1907, p. 371, §§7761, 7763 Burns 1908), purporting to amend only sections ninety-two and ninety-four of such act of 1905. p. 148.

4.  OFFICERS.—*Holding Over.—Purpose.*—The constitutional provision for the holding over of public officers, except members of the General Assembly, was to conserve the public good, and not for the personal benefit of the officers. p. 148.
5.  CONSTITUTIONAL LAW.—*Officers.—Holding Over.—Road Supervisors.*—Under Article 15, §3, of the Constitution, providing that public officers, except members of the General Assembly, shall hold their offices until their successors shall have been elected and qualified, and Article 6, §3, providing that "such other county and township officers as may be necessary shall be elected or appointed in such manner as may be prescribed by law," a road supervisor may be appointed, under a statute, to succeed an incumbent, though there has been no successor elected. p. 148.

From Pulaski Circuit Court; *Francis J. Vurpillat,* Judge.

*Quo warranto* by The State of Indiana, on the relation of William May, against Harry Hall. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*Reed & Hanna* and *C. W. Barker,* for appellant.

MONTGOMERY, C. J.—This is a statutory action by information, in the nature of *quo warranto,* to oust appellee from the office of road supervisor in district No. 1, Franklin township, Pulaski county.

Errors have been assigned upon the overruling of appellant's demurrers to the first, second and third paragraphs of answer.

The first paragraph of answer alleged that at the time of the election held on December —, 1907, the relator was the qualified and acting supervisor of said road district; that at said election he and appellee were opposing candidates for the office; that each received the same number of legal votes, the election resulting in a tie, and neither was declared elected to said office; that afterwards the trustee of said township appointed appellee as such road supervisor, and that he accepted the appointment, duly qualified, and ever since has been acting as such officer.

The second paragraph alleged that on August 3, 1908, the relator was, by the board of commissioners of the county,

appointed as superintendent of repairs of the Winamac-Bass Lake free gravel road, that he duly qualified as such superintendent, and ever since has been acting in such capacity.

The third paragraph alleged the same facts as the first, and also that a special election was subsequently held in December, 1907, upon the call of the trustee, at which appellee received the highest number of votes for said office, and thereafter he was by the trustee appointed as such road supervisor.

The first and third paragraphs of answer were clearly sufficient, and by the demurrer are admitted to be true, hence we need not determine the sufficiency of the second, as the error, if any, in overruling appellant's demurrer thereto, would, under the circumstances, be harmless. It is provided by section ninety-three of the act of 1905, concerning highways (Acts 1905, p. 521, §7762 Burns 1908), that "when there shall be a failure to elect a supervisor for any district, and also in case a vacancy shall occur in such office for any cause, the trustee of the township in which such district is situated, as soon as he is informed of such failure or vacancy, shall appoint a supervisor who shall hold his office until the next biennial election."

The contention of the relator is that his term of office continued until his successor should be elected and qualified; that a tie vote and failure of the election officers to determine the same by lot created no vacancy, but left him in possession of the office. Citing *State* v. *McMullen* (1874), 46 Ind. 307. It is further insisted that the trustee could not appoint a road supervisor until a vacancy existed.

The statute before quoted expressly authorizes the trustee of the proper township to appoint a road supervisor in case of a failure to elect, as well as in a case of vacancy, as soon as he shall be informed of the fact. It is conceded by appellant that there was a failure to elect at the time provided by

law for such election, and hence it became the duty of the township trustee to appoint a supervisor when the failure to elect was brought to his knowledge. His appointment of appellee was therefore authorized upon the facts stated, and was valid, unless, as counsel further contend, the statute providing for such appointment has been repealed or is unconstitutional.

It is argued that §7762, *supra,* was repealed, by implication, by the act of March 9, 1907 (Acts 1907, p. 371, §§7761, 7763 Burns 1908). The latter act purports only to

3. amend sections ninety-two and ninety-four of the act of 1905, and in noway affects section ninety-three (§7762, *supra*), but expressly recognizes its continued existence and force. It is quite clear that the section in question has not been repealed.

The Constitution provides that public officers in this State, except members of the General Assembly, shall hold their respective offices for such specified terms as may be

4. prescribed by law, and until their successors have been elected and qualified. Const., Art. 15, §3. This provision was not made for the private benefit of incumbent officers, but to conserve the public interests, and to prevent unforeseen and unavoidable vacancies which might work great inconvenience and hardship. It is provided in the Constitution, after the enumeration of certain county offices, that "such other county and township officers as may be necessary shall be elected or appointed in such manner as may be prescribed by law." Const., Art. 6, §3.

The office of road supervisor is not named in the Constitution, and may be filled either by election or by appointment, as the legislature may prescribe. When relator ac-

5. cepted the office in 1905 he was bound to know that his successor might be appointed in case of failure to elect, and that he could have no constitutional or other right to the office after the expiration of his term, and either the

election or appointment and qualification of his successor. The demurrers to the first and third paragraphs of answer were correctly overruled.

The judgment is affirmed.