CITY OF EVANSVILLE, INDIANA AND STATE OF INDIANA, EX RELATIONE CITY OF EVANSVILLE; HAROLD CALLOWAY *v.* PAUL BROWN, COUNCILMAN ELECT; JOHN CALDWELL.

[No. 1-876A126. Filed November 15, 1976.]

*John C. Cox,* of Evansville, for appellants.

*Sydney L. Berger, Charles L. Berger, Berger and Berger,* of Evansville, for appellees.

## CASE SUMMARY:

LOWDERMILK, J.—Plaintiffs-appellants, City of Evansville and the State of Indiana *ex rel.* City of Evansville and Harold

Calloway (The City) appeal from the trial court's judgment declaring that defendant-appellant John Caldwell "is the duly elected and qualified councilman from the 4th Ward of the City of Evansville and is entitled to resume his rightful seat on said council. . . ."

We affirm.

## FACTS:

Caldwell served as councilman from the 4th Ward from January 1, 1972, until January 12, 1976. Defendant-appellee Paul Brown was a candidate for Councilman from the 4th Ward in the November, 1975, Evansville municipal election, and received the most votes for said office in that election.

In December, 1975, Brown's employer informed him that he had been promoted to a position in another state. Brown did not take his oath of office between January 1, 1976, and January 12, 1976.

By a majority vote over Caldwell's protest the Common Council of the City of Evansville on January 12, 1976, deemed the office of Councilman from the Fourth Ward to be vacant. The Council on January 15, 1976, held a special meeting to fill the declared vacancy and, over Caldwell's objection, chose Calloway who thereafter took the oath of office.

The trial court's conclusions of law stated that by virtue of Art. 15, § 3 of the Indiana Constitution:

"[W]henever an elected official fails to take his oath and qualify for his term of office, the previous incumbent holds over and there is no vacany in the office. . . .

"5.  Therefore, since Paul Brown failed to take his oath and qualify for his term of office, defendant, John Caldwell, the previous incumbent, holds over, and there is not now nor has there been any vacancy in the office of Councilman of the 4th Ward of the City of Evansville at any time from the 1st day of January, 1972, until the present time.

"6.  The action of the Common Council of the City of Evansville in deeming the office of Councilman of the 4th Ward vacant on the 12th day of January, 1976, and in purporting to elect plaintiff Harold Calloway to that office on

January 15, 1976, did not create a vacancy in that office and was of no legal effect.

"7.   Defendant, John Caldwell is now and has been at all times since January 1, 1972, the duly elected and qualified Councilman from the 4th Ward of the City of Evansville.

"8.   Defendant, John Caldwell is entitled to resume his seat as Councilman on said Council forthwith."

## ISSUE:

Whether the trial court erred in declaring Caldwell to be the Councilman from the 4th Ward.

## DECISION:

The City contends that the trial court erred in holding IC 1971, 18-1-2-2 (Burns Code Ed.) to be unconstitutional. The City's contention is without merit inasmuch as the trial court's decision did not hold the statute to be unconstitutional.

Art. 15, § 3 of the Indiana Constitution states:

"Whenever it is provided in this Constitution, or in any law which may be hereafter passed, that any officer, other than a member of the General Assembly, shall hold his office for any given term, the same shall be construed to mean, that such officer shall hold his office for such term, and until his successor shall have been elected and qualified."

This provision means that "so long as there is an incumbent in the office, no vacancy exists . . ." *Youngblood* v. *Marr* (1970), 253 Ind. 412, 418, 254 N.E.2d 868.

IC 1971, 18-1-2-2 provides, *inter alia:*

"Every officer of any such city, before entering upon the duties of his office shall take and subscribe an oath, to be indorsed on his certificate of election . . . before the city clerk or some officer authorized to administer oaths, that he will support the Constitution of the United States and the Constitution of the state of Indiana, and that he will faithfully discharge all his official duties; which oath shall also be filed with the city clerk . . . Any person who shall not file his oath . . . with the proper officer within ten days after the beginning of the term for which he shall

have been elected or appointed, shall be deemed to have refused to serve, and the office shall be deemed to be vacant."

IC 1971, 18-1-2-3 (Burns Code Ed.) further provides, *inter alia:*

"In case of a vacancy in the office of councilman from death, resignation or other cause, the common council shall fill such vacancy at a special meeting to be held at a time not less than two . . . nor more than fifteen . . . days after such vacancy is discovered by such council of which special meeting notice shall be given by the clerk as herein required when the council is to fill a vacancy in the office of mayor."

The trial court did not hold these statutes to be unconstitutional, but properly recognized that they were inapplicable in the instant case, where the incumbent Caldwell held over so that the post of Councilman from the Fourth Ward was not vacant. Cf. *State ex rel. Denton* v. *Kinkle* (1949), 227 Ind. 564, 86 N.E.2d 677; *Kimberlin* v. *State ex rel. Tow* (1892), 130 Ind. 120, 29 N.E. 773, 14 L.R.A. 858, 30 Am. St. Rep. 208.

The procedure provided by these statutes would be valid in a situation where an actual vacancy existed. See *State ex rel. Jett* v. *Ives* (1906), 167 Ind. 13, 78 N.E. 225. E.g. *State ex rel. Walker* v. *Wagner* (1907), 170 Ind. 144, 82 N.E. 466; *Osborne* v. *State ex rel. Michaels* (1891), 128 Ind. 129, 27 N.E. 345; *State ex rel. Cornwell* v. *Allen* (1863), 21 Ind. 516, 83 Am. Dec. 367.

We therefore conclude that the City's argument that the trial court erred must fail.

Judgment affirmed.

Robertson, C.J., and Lybrook, J., concur.

NOTE.—Reported at 356 N.E.2d 691.