**LAVEA SEALIITU F. MAUGA, Plaintiff**

v.

**CHIEF ELECTION OFFICER and ELISARA T. TOGIA`I,
Defendants**

---

**IN *RE* THE ELECTION FOR REPRESENTATIVE FROM
DISTRICT NO. 3, INCLUDING THE VILLAGES OF VATIA,
AOA, ALAO, TULA, and ONENOA, and CONCERNING
ELISARA TOGIA`I, OFFICIAL CANDIDATE.**

High Court of American Samoa
Appellate Division

AP No. 17-94

November 25, 1994

Before KRUSE, Chief Justice, RICHMOND, Associate Justice, VAIVAO, Associate Judge, and ATIULAGI, Associate Judge.

Counsel:      For Plaintiff, Togiola T.A. Tulafono
For Chief Election Officer, Malaetasi M. Togafau, Attorney General, and Elvis R.P. Patea, Deputy Attorney General
For Elisara T. Togia`i, *pro se*

Order Denying Petition for a New Election:

Lavea Sealiitu F. Mauga (hereafter "Mauga") and Elisara T. Togia`i (hereafter "Togia`i") are candidates for the American Samoa House of Representatives, Vaifanua County, Voting District #3. The election for District #3, held November 8, 1994, resulted in a tie between Mauga and

Togia`i, each having polled 241 votes.

On November 14, 1994, Mauga and Togia`i filed separate complaints with the High Court praying for a new election to decide who should be seated in the House of Representatives, rather than submit to a decision by lot pursuant to A.S.C.A. § 6.0901. This enactment reads:

> In the case of failure of an election by reason of the equality of vote between 2 or more candidates, the tie *shall* be decided by lot, under the supervision of the chief election officer. When an election is decided by lot, the candidates may agree in a signed statement to the use of the lot. If the candidates agree, they shall be bound by the lot and shall not bring an election contest under sections 6.0902 and 6.0903 after the drawing of the lot. Each candidate *shall* be present at the drawing of the lot together with 2 witnesses to be selected by him. (Emphasis added.)

Mauga argues that the election should be declared invalid "because it cannot be determined that a clear majority or plurality of votes [was] cast in said election and the defendant, Chief Election Officer, cannot certify any candidate elected from District #3 after the November 8th election." Complaint para. 6. Togia`i seeks the same relief arguing that no candidate has been "elected" in his district in accordance with Article II, Section 3(c) of the Revised Constitution of American Samoa.[1] He also cites A.S.C.A. § 2.0302, which uses language outlining "the number of representatives to be *elected* therefrom," (emphasis added) to further assert that the use of a lot is in violation of the constitutional requirement that representatives be "elected."

■ We have consolidated these matters for hearing and for reasons given we deny the relief sought. Contrary to Mauga's submission, the Legislature has expressly and unambiguously provided for a decision in a tie vote situation, by the drawing or casting of lots. A.S.C.A. § 6.0901 is couched in mandatory language.[2] We fail to see anything in the

---

[1] Article II, § 3 of the Revised Constitution of American Samoa states in relevant part, "[a] representative shall. . . have been a bona fide resident of the representative district from which he is *elected* for at least one year next preceding his election . . . ." (emphasis added).

[2] *Cf.* Cal. Ann. Elec. Code § 20501, which also requires that a tie vote in California's elections be similarly broken, with the provision that the

American Samoa Electoral Reform Act of 1977, A.S.C.A. Title 6, which provides any basis to the suggestion that a new election is an available alternative to A.S.C.A. § 6.0901, to be invoked at the option of the candidates. We note that while A.S.C.A. § 6.0901 goes on to state that "candidates *may* agree in a signed statement to the use of lot," this does not mean that they may by stipulation excuse themselves from the mandated lot process, and, thereby, demand a new election. Under the terms of the statute, the candidates have the opportunity to stipulate to be bound by the result of the lot; i.e., they may agree that the result of the draw shall be final and unappealable. In contrast, the candidate who does not wish to be bound by the use of a lot will have merely reserved his access to judicial review in the normal course. Finally, Togia`i's argument, that a tie vote does not result in an "elected" representative, is unsupported. A candidate that wins an election by lot satisfies the "elected" requirement. Article II, § 4 of the Revised Constitution of American Samoa provides that "[r]epresentatives shall be chosen by secret ballot of the qualified electors of their representative districts." In this case, the candidate who prevails by lot, pursuant to A.S.C.A. § 6.0901, will have been placed in the position to prevail because he received 241 votes of valid electors. A provision that a tie vote shall be settled by drawing lot has been held not to be in conflict with a constitutional provision that elections shall be by ballot. *See Johnston v. State*, 27 N.E. 422 (Ind. 1891). The Indiana Supreme Court reasoned:

> [A]ppellant's counsel ingeniously and plausibly argues [sic] that the provision [requiring that the election be decided by lot in the case of a tie] is invalid, for the reason that it is conflict with the provision [in the state's constitution] that all elections shall be by ballot. . . . Such a statute as the one before us does give the electors an opportunity to vote by ballot, and affixes to each vote the force it is possible to assign it.

---

"Secretary of State *shall*...determine the tie by lot." (emphasis added). Hawaii, on the other hand, takes the position that the lot is an optional method of settling a tie with language which provides that a tie *may* be decided by lot." Hawaii Statutes Revised, § 11-157 (emphasis added). We note that American Samoa's statute uses the precise language of the Hawaii statute, except that the Fono has substituted the word "shall" in lieu of Hawaii's choice of the word "may." This indicates that the substitution is deliberate and that the statute intends to make the lot binding.

30

*Id.* at 423.

■ The lot provision, A.S.C.A. § 6.0901, is merely a procedural mechanism devised to supplement the election process in case of the unlikely event of a tie result at the ballot boxes. The use of this procedure does not invalidate any votes of the qualified electors, nor does it taint the requirement that they be elected by secret ballot, since the lot comes into play as a result of the balloting process.

■ We hold that A.S.C.A. § 6.0901 is not inconsistent with the provisions of the Revised Constitution of American Samoa and, therefore, deny the petitions for a new election. The matter is accordingly remanded to the Chief Election Officer for resolution of the tie election result in District #3 in accordance with A.S.C.A. § 6.0901.

It is so ordered.