May Term, 1846.

THE STATE
v.
PIDGEON.

THE STATE, on the Relation of HEROD, v. PIDGEON.

The insanity of a county treasurer, not shown to be incurable, will not authorize the permanent appointment of another person in his place.

And an appointment in such case only during the insanity of the officer (supposing such an appointment can be made) will cease on his recovery.

*Monday, July 6.*

ERROR to the *Bartholomew* Circuit Court.

BLACKFORD, J.—This was an information in the nature of a writ of *quo warranto* filed in *March*, 1846. The information alleges that on the 20th of *September*, 1845, the defendant usurped the office of treasurer of *Bartholomew* county, and has continued to usurp the same, &c.; that on the 5th of *August*, 1844, the relator was duly elected treasurer of said county, and on the 12th of the same month gave bond, &c., and took upon himself the discharge of the duties of the office, &c.; that he was then and now is, therefore, entitled to the office, &c.; and that on the 4th of *February*, 1846, he demanded the books, &c., of the office, but the demand was refused.

There are two pleas, the first of which is as follows: That on the 3d of *September*, 1845, and for three weeks then next preceding, the relator being county treasurer, &c., was insane, and incapable of performing the duties of his office; that the office becoming thereby vacant, the board of county commissioners appointed the defendant to fill the vacancy; that the defendant thereupon gave bond, &c.; and that by this authority he has used and continues to use the franchises of treasurer of said county, &c. The second plea states, that the relator being county treasurer, &c., on, &c., resigned his office, &c.; and that the defendant was, on, &c., appointed to fill the vacancy, &c.

Replication to the first plea, that on the 3d of *September*, 1845, and for three weeks then next preceding, the relator was only temporarily insane from a curable disease, and afterwards, and before the expiration of his term of service in said office, &c., and before the commencement of this suit, to wit, on the 10th of *November*, 1845, he became and was cured of said insanity, and was then, and has continued to be, and still is, of sound mind, &c. Replication to the second plea,

that, on, &c., when the relator, as in the plea alleged, pretended to resign, &c., and for one week before and one week afterwards, he was insane, &c., and that afterwards, on, &c., he became cured, &c.

There was a demurrer to the replication to the first plea. To the replication to the second plea, the defendant rejoined, that the relator at the time he resigned as aforesaid was not insane, &c. The demurrer to the replication to the first plea was sustained, and judgment rendered for the defendant.

The first plea is insufficient. We do not think that the alleged insanity of the relator for three weeks, which is not averred to be incurable, created such a vacancy as authorized the permanent appointment of the defendant to the office, as stated in the plea. But supposing that the plea relied on an appointment of the defendant only during the insanity, and that such an appointment could be made, the replication, by averring the entire recovery of the relator before the commencement of the suit, is a good answer to the plea.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*A. A. Hammond* and *J. H. Bradley*, for the plaintiff.

*H. H. Barbour* and *M. G. Bright*, for the defendant.