## THE STATE, on the Relation of Leal *v.* JONES.

An election for county Auditor is not void by reason of an omission to give public notice that it would take place.

Where it appears, *prima facie,* that acts, or events, have occurred, subjecting an office to a judicial declaration of being vacant, the authority having the power to fill such vacancy, supposing the office to be vacant, may proceed, before procuring a judicial declaration of the vacancy, to appoint, or elect, according to the forms of law, a person to fill such office.

But if, when such person attempts to take possession of the office, he is resisted by the previous incumbent, he will be compelled to try his right by an application to the proper courts.

But, if he finds the office, in fact, vacant, and can take possession, uncontested by the former incumbent, he may do so, and so long as he remains in such possession, he will be an officer *de facto,* and, should the former incumbent never appear to contest his right, he will be regarded as having been an officer *de facto* and *de jure.*

And, if such former incumbent should appear, after possession has been taken against him, the burden of proceeding to oust the actual incumbent would rest upon him, and if it should then

appear, that, before the appointment, or election, of such incumbent, facts had occurred justifying a judicial declaration of a vacancy, it will then be declared to have existed, and such appointment, or election, held valid.

APPEAL from the *Dearborn* Common Pleas.

PERKINS, J.—In July, 1861, *Elias T. Crosby* was auditor of *Dearborn* county, *Indiana.* On the 17th day of that month, he abandoned the office and removed from the State.

At the annual election, in October following, *William Leal* became a candidate for the office of auditor of *Dearborn* county, and received eleven hundred and twenty-eight votes, being the highest number cast for a candidate for that office; but the clerk of the Circuit Court of the county, *Samuel L. Jones,* refused, within twenty days, and still refuses, to certify the vote for the candidates for the office of auditor, at said election, though there was no contest, to the Secretary of State, whereby the relator was prevented from obtaining a commission for the office to which he claims to have been elected. This suit was instituted to obtain a mandate, compelling the clerk to make and transmit the certificate.

A demurrer to the complaint was sustained, and the mandate refused, on the two grounds, that no notice of the election for an auditor of the county was given, and that there was no vacancy capable of being filled at the election.

It was the duty of the clerk to certify the votes to the Secretary of State; 1 G. & H., p. 312, sec. 38; and this without regard to the legality of the election. The duties of the clerk are ministerial, not judicial. *Brower* v. *O'Brien,* 2 Ind. 423. 1 G. & H. 306, note. Still, where it is manifest that the election held was void, a Court will not compel a ministerial officer to perform a useless act. *Beal* v. *Ray,* 17 Ind., p. 554. Same case, 18 Ind., p. 346. Is it so manifest in this case?

The election for auditor was not void by the omission to give notice that it was to take place. *The People* v. *Cowles,* 3 Kernan, 350.

The election may have been valid, if the office had been vacant twenty days, or upward, at the day of the election. We say it may have been, not that it necessarily was; circumstances may control the validity of any election.

Does the complaint, in this case, then, show, *prima facie,* that a vacancy existed in the office of county auditor, of *Dearborn* county, twenty days before the annual October election for 1861? A vacancy may so occur in an office as to require it to be filled at a succeeding annual election, by the acceptance, by the incumbent, of another incompatible office. Ind. Dig. 599. By the expiration of the current term of the incumbent. *Biddle* v. *Willard*, 10 Ind. 62. By the death of the incumbent. 3 Kernan, *supra;* see *The State* v. *Pidgeon*, 8 Blackf. 132. By the removal of the incumbent, from the office, by legal proceedings. By the voluntary removal of the incumbent, living, from the township, county, or State, as the case may be; and this without a judicial declaration of the vacancy. This is expressly ruled in *Hadley* v. *The Board, etc.,* 4 Blackf. 116, as we understand that case. The constitution and statutes of the State require county officers to be residents, and to attend to their duties at the county seat.

We think the demurrer should have been overruled, and the defendant required to answer. An additional observation or two may be justified.

We think the following propositions are deducible from the judicial decisions of the Supreme Court of *Indiana:*

1. Where it appears, *prima facie,* that acts or events have occurred subjecting an office to a judicial declaration of being vacant, the authority authorized to fill such vacancy, supposing the office to be vacant, may proceed, before procuring a judicial declaration of the vacancy, and appoint or elect, according to the forms of law, a person to fill such office; but if, when such person attempts to take possession of the office, he is resisted by the previous incumbent, he

will be compelled to try the right, and oust such incumbent, or fail to oust him, in some mode prescribed by law. 2. If such elected or appointed person finds the office, in fact, vacant, and can take possession, uncontested by the former incumbent, he may do so, and so long as he remains in such possession, he will be an officer *de facto*; and should the former incumbent never appear to contest his right, he will be regarded as having been an officer *de facto* and *de jure*; but should such former incumbent appear, after possession has been taken against him, the burden of proceeding to oust the then actual incumbent, will fall upon him; and if in such proceeding it is made to appear that facts had occurred before the appointment or election justifying a judicial declaration of a vacancy, it will be then declared to have existed, and the election or appointment will be held to have been valid. See 5 Ind. on p. 91, in addition to authorities cited.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded for further proceedings.

*D. S. Major*, for the appellant.

*McDonald* and *Roache*, for the appellee.