## LEACH *v.* CASSIDY.

23 449
124 556

OFFICE—SCHOOL TRUSTEE.—Pending litigation to determine who is entitled to exercise an office, the officer *de facto* shall act, and where it appeared to the court that *A* was in the possession of the office of school trustee, it properly compelled the auditor, to recognize him as such.

APPEAL from the *Fayette* Common Pleas.

FRAZER, J.—Motion by *Cassidy,* school trustee of the town of *Connersville,* for a writ of mandate to compel *Elliott,* auditor, to draw a warrant in his favor for the school funds belonging to the town. *Leach* was made a defendant to the motion. A peremptory mandate was awarded against the auditor. But *Leach,* it seems, made an effort to transform the case into a *quo warranto,* for the purpose of ousting *Cassidy* from the office of trustee, and obtaining possession for himself. He filed a paper in the case, claiming the office, and asking that a mandate issue against *Cassidy,* who, he alleges, is in possession of the office, to compel him to allow him (*Leach*) to take possession thereof, and to deliver the books, papers, etc., belonging thereto. This paper was in the form of an answer to the motion. The court below sustained a demurrer thereto.

The result of the proceedings below was, that a peremptory mandate was granted against the auditor, as asked by *Cassidy,* and *Leach* appeals.

All the allegations of *Leach* himself show that *Cassidy* was trustee *de facto.* He was consequently entitled to perform all the duties and exercise all the powers of the office, until ousted by some one having a better right to it. The court below very properly refused to decide who was entitled to the office. An office is a right to exercise a public employment. The law has provided abundant means by which an officer *de jure* may become such *de facto,* against another person who wrongfully holds posses-

sion; but the public are interested that, while such litigation is pending to settle the right, the functions of the office shall continue to be exercised, in order that the public business may be done. To this end it is a rule of plain common sense, as well as of law, that the officer *de facto* shall act until he shall be ousted.

Now, one of the most important duties of this office was to obtain the school moneys, in order that they might be used to keep the public schools of *Connersville* in operation. It would be a strange state of the law, which would close the doors of the schools, and turn the children into the streets, for a year or two, to await the settlement of the conflicting claims of *Cassidy* and *Leach* to the office of trustee. So, when it was made apparent to the court below that *Cassidy* was in possession of the office, it very properly compelled the auditor to recognize him as trustee. Having done that, its duty in that case was ended. *State* v. *Jones*, 19 Ind. 358.

But there is an evident desire on both sides that we shall express an opinion upon the question as to which of the parties has the right to the office. That question is fully argued, and we suppose the record before us contains all the facts. But the question could not be properly before us in this case. To assist in putting at rest a controversy which can not but be profitless to the educational interests of that community, we therefore say, that we are unanimously of opinion, that *Cassidy* is trustee *de jure*, and that the proper time to elect his successor will be in *May*, 1865. We depart from our usual custom in saying this, and we withhold the reasons upon which this *dictum* is based, that it may not be deemed a precedent.

Judgment affirmed with costs.

*John S. Reid* and *B. F. Claypool*, for appellant.
*N. Trusler* and *James C. McIntosh*, for appellee.