## THE STATE OF INDIANA, EX REL. DAVIS, v. JOHNSTON.

[No. 21,471. Filed October 13, 1909.]

1.  APPEAL.—*Right Result.*—The Supreme Court is not required to determine the correctness of the trial court's conclusions, where it is manifest that the right result was reached. p. 15.
2.  QUO WARRANTO.—*Officers.—County Assessors.—Pleading.—Evidence.*—In order that a relator claiming the right to the office of county assessor, though he received neither a majority nor a plurality of the votes cast, can recover such office from one holding the same and alleged to have been ineligible thereto because he was not a freeholder, he must plead and prove that the voters had actual or constructive notice of such ineligibility. p. 15.
3.  QUO WARRANTO.—*Ineligible Officers.—Ouster.—Relators.—Prosecuting Attorneys.*—The prosecuting attorney is a proper relator to maintain a *quo warranto* proceeding to oust an ineligible county officer. p. 15.

From Newton Circuit Court; *Charles W. Hanley*, Judge.

Action by The State of Indiana, on the relation of Thomas L. Davis, against John Z. Johnston. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*Frank Davis* and *T. B. Cunningham*, for appellant.

*William Cummings, Foltz & Spitler* and *John Higgins*, for appellee.

MONTGOMERY, C. J.—This is a proceeding in *quo warranto*, to determine the title and right to the possession of the office of county assessor in and for Newton county. Relator's motion for a new trial, on the grounds that the decision of the trial court is not sustained by sufficient evidence and is contrary to law, was overruled, and that ruling has been properly assigned as error. Appellee and the relator were opposing candidates for the office at the general election held in November, 1906, and it is conceded that appellee received the greater number of votes; but it is insisted that he was ineligible, because not a freeholder, as required by the statute creating the office. §10275 Burns 1908, Acts 1903, p. 49, §37.

The trial court, under the evidence, reached the conclusion that appellee was a freeholder within the meaning of the law, and entitled to hold the office. We are not required to determine the correctness of the court's conclusion in that respect, since it is manifest that a right result was reached. This court has expressly held that the relator, having received neither a majority nor a plurality of the votes cast for candidates for county assessor, has no such interest in the office as entitles him to maintain this action. There was no averment in the complaint, and no evidence upon the trial, that the electors of the county, at the time they cast their votes for appellee, had either actual or constructive knowledge of his alleged ineligibility. In the absence of such a showing, the law will not presume that they "wilfully or obstinately" threw away their votes, by casting them for a candidate known to be ineligible to hold the office. The relator, under the facts shown, has no title to the office, and if appellee is not qualified to hold the same he should be ousted at the instance of the proper prosecuting attorney. *State, ex rel.,* v. *Bell* (1907), 169 Ind. 61, 13 L. R. A. (N. S.) 1013, 124 Am. St. 203; *State, ex rel.,* v. *Ross* (1908), 170 Ind. 704; *Hoy* v. *State, ex rel.* (1907), 168 Ind. 506.

The judgment is affirmed.