SMITH *v*. STATE EX REL. CANARY.

[No. 25,656. Filed January 26, 1934.]

*Charles M. Fortune,* for appellant.

*James E. Piety, Chester Y. Kelly,* and *Charles E. Piety,* for appellee.

FANSLER, J.—Complaint or information in *quo warranto* below by the appellee against the appellant, alleging that the appellant was unlawfully and fraudulently assuming to fill the office of Justice of the Peace of Harrison Township in Vigo County; that in 1914 appellant was convicted of a crime against the laws of the United States and sentenced for a term of two years in the Federal Penetentiary at Fort Leavenworth, Kansas; that Harrison Township in Vigo County was entitled to two Justices of the Peace; that one William S. Pound was a legally elected, qualified, and acting Justice of the Peace, and that the relator was eligible and qualified, and had been appointed by the board of commissioners of Vigo County to fill the remaining office of Justice of the Peace; that the appellant was wrongfully and unlawfully usurping the office of Justice of the Peace to which the relator had been appointed, and preventing the relator from acting in full capacity as Justice of the Peace; that relator had demanded the office, records, etc.; and asking judgment that the respondent be ousted and that the relator have possession of the office, and for an injunction, etc.

Appellant's demurrer to the complaint was overruled. He answered in two paragraphs, and a demurrer was sustained to the second paragraph.

When the complaint was originally filed it was entitled *"State ex relatione William L. Canary versus Thomas C. Smith."* After summons, upon motion, relator was granted leave to amend, and amended the title of the complaint to make it read *"State of Indiana, on the Relation of William L. Canary* v. *Thomas C. Smith."* Appellant complains of this ruling of the court as error, but does not point out in what respect his rights were prejudiced thereby. §423, Burns 1926, §173, Baldwin's 1934, provides that after trial and before final judgment, the court may, in its discretion, order any pleading to be amended to correct any mistake in name, description, legal effect, or in any other respect, where the amendment will not deprive a party of any substantial right. The amendment here was made before trial. It is not suggested that the appellant was deprived of any substantial right, or that the court abused its discretion by thus permitting the action to continue without being refiled. *Wilkinson Coop. Glass Co.* v. *Dickinson* (1904), 35 Ind. App. 230, 73 N. E. 957.

§11607, Burns 1926, §13046, Baldwin's 1934, provides as an indispensable qualification for holding any office in the State of Indiana, either by election or appointment, that the person shall never have been convicted of a crime against the United States where the sentence imposed therefor exceeded six months. The following section provides that any appointment or election of any such person shall be absolutely void. This court has held the law constitutional. *Crampton* v. *O'Mara* (1923), 193 Ind. 551, 139 N. E. 360.

In case of a vacancy in the office of Justice of the Peace, the Board of County Commissioners has power

to fill the office by appointment. §11615, Burns 1926, §16129, Baldwin's 1934.

Under statement of the evidence appellant sets out only the evidence admitted to which he objected and which he claimed was erroneously admitted. We assume, however, because it is so represented by appellee and not disputed by appellant, that the evidence in the record shows that the appellant was convicted of a crime against the United States, and that the sentence imposed therefor exceeded six months; that he was afterwards elected to the office of Justice of the Peace and received a commission as Justice of the Peace of Harrison Township, Vigo County; that thereafter the Board of Commissioners of Vigo County appointed the relator Justice of the Peace to fill the same position to which appellant was elected; that the relator was qualified, and had been commissioned by the Governor of Indiana; that the appellant was seeking to hold the office as against the relator; that the relator demanded the possession of the office and the books and papers belonging thereto, which demand was refused. Under such a state of facts, which conforms to the allegations of the complaint, appellee was entitled to judgment.

The election of appellant was made absolutely void by statute, and it is as though he had never been elected, and, therefore, he had no more right to the office than a mere interloper. Appellant's contention that the board of commissioners had no power to fill a vacancy until after there had been a judicial determination of the fact that a vacancy existed, cannot be sustained. *State ex rel.* v. *Jones* (1862), 19 Ind. 356; *Gosman* v. *State ex rel.* (1885), 106 Ind. 203, 6 N. E. 349; *Wells* v. *State ex rel.* (1910), 175 Ind. 380, 94 N. E. 321.

One who claims the same office by appointment ■ has a sufficient interest to qualify him as a relator. §1209, Burns 1926.

It will be observed that the evidence shows the relator to have been appointed, qualified, and commissioned. Appellant relies upon the cases of *State ex rel.* v. *Bell* (1907), 169 Ind. 61, 82 N. E. 69, and *State ex rel.* v. *Johnston* (1909), 173 Ind. 14, 89 N. E. 393. In those cases the court held that the relator had no interest where the defendant had received the highest number of votes, since, where a disqualified candidate has received the greatest number of votes, the election is void and does not result in the election of the eligible candidate (relator) who received the next highest number of votes, where it is not shown that the electors, with knowledge of the disqualification, willfully voted for the ineligible candidate.

We find no error in the record.

Judgment affirmed.