STATE EX REL. KOPINSKI *v.*
GRZESKOWIAK, TOWNSHIP TRUSTEE, ET AL.

[No. 28,022. Filed February 15, 1945. Rehearing denied
March 12, 1945.]

*George Sands,* of South Bend, for appellant.

*George A. Schock,* of South Bend, for appellee, Stephen C. Grzeskowiak, and *Arnold, Degnan, Goheen & Zimmerman,* of South Bend, for appellee, Wypiszynski.

GILKISON, J.—Appellant, Kopinski, filed his action in mandate in the court below against the appellee, Grzeskowiak, as Trustee of Portage Township, St. Joseph County, Indiana, to compel such Trustee to pay the salary and emoluments due him as a justice of the peace for such township. Appellee, Wypiszynski, filed his action in mandate against the appellee, Grzeskowiak, as Trustee of Portage Township, St. Joseph County, Indiana, to compel such trustee to pay him the salary and emoluments due him as such justice of the peace for said township.

By agreement of the parties the two causes were consolidated in the court below.

Appellee, Grzeskowiak, as such Township Trustee, then filed his answer in two paragraphs, the second being a counterclaim asking a declaratory judgment, and in which he stated the facts constituting the claim of each of the relators against him, and prayed that the court determine whether Kopinski or Wypiszynski has the legal title in and to the office of Justice of Peace in and for Portage Township, St. Joseph County, Indiana, and which of them is entitled to the salary and emoluments attaching to said office as provided by law.

Thereafter the parties stipulated "that all of the allegations of fact and in the pleadings as distinct from conclusions are admitted by the parties in the case and on that rest their evidence and said facts so plead shall be taken as all the evidence in the cause."

The facts of the case found in the pleadings and which are made the bill of exceptions in the case, are substantially as follows:

The appellant, Kopinski, was elected a Justice of the Peace for Portage Township, St. Joseph County, Indiana, at the general election held on November 3, 1942, to serve for a period of four years from January 1, 1943. He was duly qualified and began serving as such on January 1, 1943. On September 4, 1942, he was inducted into the United States Army under the "Selective Training and Service Act of 1940." He did not enlist in such service. He continued in such service from the date of his induction to May 5, 1943, when he was honorably discharged because of physical disability. During the period of his army service he was home on furlough and during such time he gave personal service in his office. Agreeable with the statute, § 5-124, Burns' 1933 (Supp.), § 1831, Baldwin's Supp.

1941, he appointed a clerk who kept his office open each day. Agreeable with the statute, § 5-122, Burns' 1933, § 1835, Baldwin's 1934, and because of his anticipated temporary absence in such military service, on February 13, 1943, he appointed in writing a reputable attorney of the township to preside as justice of peace not to exceed a period of 60 days from that date and such appointee duly qualified as provided by law and served for the ensuing 60 days.

By himself, by his clerk, and by the attorney appointed by him, appellant has kept a public office in his township during the usual business hours of each business day and has had possesion of "such dockets, books, files, papers and official seal." Since the date of his discharge from the military service of the United States on May 5, 1943, he has personally attended to the business of his office as Justice of the Peace and presided at such court. During all the time involved in this litigation the agreed facts show "that at all times herein referred to, the relator Kopinski has been a *bona fide* resident of said township, having his place of residence at No. 520½ Birdsell Street in the City of South Bend, Indiana, where his family including his wife has at all times resided, but the relator Kopinski was temporarily absent from said township occasioned solely and necessarily by his required service in said army except . . . when he was on furlough therefrom . . . and that during such periods of his said furloughs he personally attended on all secular days at his office and purported thereafter to function as a Justice of the Peace in and for said township."

The agreed facts further show that on March 22, 1943, the Board of Commissioners of St. Joseph County, Indiana, by resolution declared a vacancy in the office of the Justice of Peace for Portage Township, St. Joseph

County, Indiana, to which appellant, Kopinski, was elected on November 3, 1942, and appointed appellee, Wypiszynski, to fill the office for the unexpired term to which appellant, Kopinski, was elected November 3, 1942. On April 26, 1943, again the Board of Commissioners of St. Joseph County by resolution declared a vacancy in the same office for the same township and again appointed appellee, Wypiszynski, to fill the office for appellant's unexpired term. That after each of said appointments a commission was issued to appellee, Wypiszynski, as Justice of the Peace and he qualified by taking the oath and executing and filing the required bond.

Since April 6, 1943, Wypiszynski has maintained a public office in South Bend as a Justice of the Peace and has attended said office during the usual business hours, maintained his clerk therein, procured dockets, files, books, papers and a seal and personally attended to the business, presided and discharged the duties of his alleged and purported Justice Court. That at all times referred to he has been a *bona fide* resident of said township.

On these facts the court below rendered its finding and judgment that the appellant, Kopinski, was the lawful Justice of the Peace of said township from January 1, 1943, to and including April 14, 1943, and entitled to the salary and emoluments of said office for said period. That the appellee, Wypiszynski became the lawful Justice of the Peace by the appointment of the Commissioners to fill the vacancy in said office April 26, 1943, and that he is entitled to the salary and emoluments of said office since that time. The appellant, Kopinski, filed his motion for new trial for the reasons:

"1. That the decision of the Court is not sustained by sufficient evidence.

"2. That the decision of the Court is contrary to law."

The Court overruled the motion for new trial, an appeal was prayed and granted. The assignment of error is:

"1. That the Court erred in overruling appellant's motion for new trial."

There is but one question presented for this Court to determine. Did the appellant vacate or abandon his office as a Justice of the Peace, by reason of having been taken into the United States Army under the National Selective Training and Service Act of 1940? He was inducted into the service September 4, 1942, 60 days before he was elected to the office. He was duly qualified and commenced serving as a Justice of the Peace after his election, though he was then in the military service by virtue of such induction. He began serving as Justice of the Peace on January 1, 1943, while home on furlough. He was absent from his office most of the time by reason of his military service, but he kept his office open by his duly appointed clerk. § 5-124, Burns' 1933 (Supp.), § 1831, Baldwin's Supp. 1941. He appointed a Justice *pro tempore* on February 13, 1943, to serve 60 days agreeable with the statute and such Justice *pro tempore* served as such until April 15, 1943. Appellant's office remained open in charge of his clerk until he returned from the army, discharged because of physical disability on May 5, 1943, when he again took personal charge of his office 20 days after his *pro tempore* Justice ceased serving.

The rule in this State is that the appointing authority may appoint an official to fill a vacancy in an office,

without waiting for a judicial determination of vacancy, if the facts existing at the time are such that a judicial determination would result in the declaration of vacancy. *The State, on the relation of Leal v. Jones* (1862), 19 Ind. 356, 358; *Relender v. The State ex rel.* (1898), 149 Ind. 283, 288, 49 N. E. 30; *Wells v. State ex rel.* (1911), 175 Ind. 380, 386, 94 N. E. 321; *Smith v. State ex rel. Canary* (1934), 206 Ind. 138, 141, 188 N. E. 576.

If, when such appointee attempts to take possession of the office, he is resisted by the previous incumbent, he is compelled to bring an action to try the right to such office, in a manner provided by law. *The State, on the relation of Leal v. Jones, supra; Leach v. Cassidy* (1865), 23 Ind. 449; *McGuirk v. State ex rel. Gottschalk* (1930), 201 Ind. 650, 169 N. E. 521.

It is not contended that the appellant, Kopinski, has disqualified himself by removing from the county or that he had voluntarily accepted employment, making it impossible for him to function as a Justice of the Peace. It is contended that his induction in the Army by virtue of the Selective Service Law of the United States, for a temporary period, rendered his office vacant. Section 5-122, Burns' 1933, § 1835, Baldwin's 1934 provides:

"... if, from any cause, any justice of the peace in such township shall be unable to attend and preside over his court during any day or number of days, not to exceed sixty (60) days in any one (1) year, such justice of the peace may appoint, in writing, any reputable attorney of such township to preside during the time such justice of peace is unable to attend and preside . . . and such appointee shall . . . conduct the business of such court, subject to the same rules and regulations as duly elected justices of the peace, and shall have

the same authority during the continuance of his appointment . . ."

The appellant exercised his right of appointment under this law and his appointee served from February 13, 1943, to April 15, 1943. There was no vacancy during this period. His office was in charge of his clerk thereafter. There is nothing in the record showing that anything came to the office requiring the judicial attention of the Justice of the Peace between that time and the following May 5, 1943, but if there were, § 5-107, Burns' 1933, § 1844, Baldwin's 1934, would take care of the situation. It provides:

> "Such justices shall each hold their offices open for the transaction of business during the regular business hours of each day except Sundays and legal holidays, and should one of such justices be unable for any cause to attend temporarily to the business of his court, then the other justice shall attend to such business and preside at any trial of pending cases therein, during such temporary period."

so that there could have been no vacancy during this period and the facts existing would not authorize the appointing power to declare a vacancy and fill it by appointment. A merely temporary absence for a limited time by the officer from the township or district to which his residence is restricted by law, with no intention to abandon his office or cease to discharge its duties will not terminate his title to the office. *Yonkey and Another* v. *The State on the relation of Cornelison* (1866), 27 Ind. 236, 245; *State ex rel.* v. *Huff* (1909), 172 Ind. 1, 6, 87 N. E. 141; *Relender* v. *The State ex rel., supra.*

We are mindful of the holding of this Court in *The State ex rel. Cornwell* v. *Allen* (1863), 21 Ind. 516.

That holding is in substance, that a county auditor who was elected in October, 1859, and on August 11, 1862, while serving as such auditor, voluntarily enlisted "as a private soldier, in the army of the *United States* for three years, or during the existing war," thus disabled himself to hold the office of auditor, and thereby created a vacancy by abandonment, because he thereby voluntarily permanently disabled himself to perform the duties of his office. It will be noted that in that case the minimum term of voluntary enlistment, three years, greatly exceeded the unserved portion of the auditor's official term. We think that case was correctly decided on the facts before the Court. In that decision the Court further observed "A temporary disability to discharge the duties of the office might not, of itself, create a vacancy." In the instant case on that proposition, the agreed facts are that appellant was only "temporarily absent from said township occasioned solely and necessarily by his required service in said army . . ." *The State ex rel. Cornwell* v. *Allen, supra,* supports our views in this case.

We have examined *Commonwealth* v. *Holleran* (1944), 39 A. (2d) 612, in which the learned Justice decided that a "drafted" private in the military service of the United States is an officer of the United States, and because of that fact he could not at the same time hold or exercise any office in the State of Pennsylvania to which a salary, fees or perquisites shall be attached, under Art. 12 § 2 P. S. of the Pennsylvania Constitution. We are not favorably impressed by the reasoning or results attained in that opinion. The decisions of our courts have never considered employment as a private or non-commissioned soldier as interfering with his right to hold a state office under Art. 2, § 9 of the Indiana Constitution.

It is our conclusion that the relator, Frank X. Kopinski, has done nothing voluntarily to vacate his office and that he is entitled to hold said office of Justice of the Peace for Portage Township, St. Joseph County, Indiana, for a period of four years from January 1, 1943, and to receive the salary and emoluments of said office for said period unless he shall hereafter legally terminate his term. The judgment is therefore reversed. Since the facts are not in dispute there is no necessity for a new trial and the trial court is instructed to grant appellant's motion for new trial and to enter judgment for appellant agreeable with this opinion.

Note.—Reported in 59 N. E. (2d) 110.